JACOB ACKERMAN, complainant-respondent,

*v.*

WALBURGER ACKERMAN et al., defendants-appellants.

[Decided February 8th, 1926.]

On appeal from a decree of the court of chancery.

*Mr. Jacob L. Newman,* for the appellants.

*Mr. Arthur B. Seymour,* for the respondent.

PER CURIAM.

The complainant, Jacob Ackerman, seeks by this bill to compel his wife to deliver to him a deposit book of the savings department of the Orange National Bank, now in her possession, evidencing deposits standing to his credit on the 18th of August, 1924, amounting to the sum of $4,874.25. He further seeks a decree directing, in effect, that the bank recognize him as the sole proprietor of this deposit. The hearing resulted in a decree adjudging that the complainant was entitled to the relief sought by him, and his wife appeals.

This husband and wife had been living separate and apart for several years prior to the date mentioned. On that day he received a severe injury by falling from the roof of a house on which he was working as a painter, and he was taken to the Presbyterian Hospital, in Newark. His wife was advised by the authorities of the hospital of the accident to her husband, and she visited him at the hospital the next day. Her defense to the bill of complaint is that her husband, at her request, signed a paper on the day of her visit which reads as follows: "Aug. 19-24. Please make my bank account out on my wife, Walburger Ackerman, 18 Eagle Rock Ave., W. Orange, and me Jacob Ackerman. I want the account in both names;" that he signed the paper of his own free will, and for the purpose of vesting in her an undivided one-half interest in the deposit. The proofs show that, after coming into possession this paper, Mrs. Ackerman went to the home of a Mrs. Hilton, in Orange, where her husband had been boarding, taking with her a note, which, she says, her husband signed, by the terms of which Mrs. Hilton was requested to permit Mrs. Ackerman to enter the complainant's room and take any personal articles from it which she should wish; that she was permitted to do this, and that, among other things, she took the deposit book of the complainant on the Orange National Bank; that she went, with the bank book and the first of the papers mentioned, to the bank, and that the cashier, after being shown the paper, wrote upon the deposit book the words "or Walburger Ackerman," so that

the bank account thereafter stood in the names of both the complainant and his wife.

The determination of the case depends upon the truth of Mrs. Ackerman's story that her husband signed the transfer paper of his own free will, and with the intention of vesting her with an undivided interest in the fund. The complainant denies her story, saying that if he signed the paper he did it unconsciously and without any knowledge of its contents, being, at the time when the paper purports to have been executed, in such a state, both physically and mentally, as to be unable to appreciate anything that was going on about him. He is corroborated in this by the testimony of attendants at the hospital. On the other hand, two of the children, who accompanied their mother to the hospital, confirm her story, except that they say their father promised to transfer the whole account to their mother. If this were all of the evidence that there was in the case bearing upon the question presented for determination there might be some basis for the contention that the finding of the vice-chancellor was contrary to the weight of the evidence, but this is not the situation. The complainant, in rebuttal, produced an affidavit, made by the wife some months after the alleged transfer to her, and in response to a request of one of the officers of the Orange National Bank that she set out in an affidavit just what her claim against the funds in her husband's account was, in which she stated, among other things, "I admit that the funds in this account are the property of Jacob Ackerman, subject to my claim against him for non-support covering a period of about ten years, during which time he contributed nothing to the support of myself and family, except paying the rent. I am making this statement in order to clarify my position in the matter and making record of my claim against the funds in said account." This affidavit, taken in connection with the testimony of the plaintiff, and of the witnesses called by him to prove his mental and physical condition at the time of making the alleged transfer, fully justified the finding of the vice-chancellor and the making of the decree based upon that finding.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-
KER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL,
LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON,
KAYS, HETFIELD, JJ.   15.

*For reversal*—None.